**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-03098-ODW (DFMx) | Date | November 21, 2025 |
|---|---|---|---|
| Title | *Francisco Longoria v. Kristi Noem et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:**                  **In Chambers**

On November 18, 2025, Petitioner Francisco Longoria filed a Petition for Writ of Habeas Corpus against Respondents Kristi Noem, Secretary of the Department of Homeland Security ("DHS"); Pamela Bondi, U.S. Attorney General; Todd Lyons, Acting Director of Immigration and Customs Enforcement ("ICE"); Ernesto Santa Cruz Jr., Acting Director L.A. Field Office ICE Enforcement and Removal Operations; Fereti Semaia, Warden, Adelanto ICE Processing Center; Executive Office for Immigration Review; ICE; and DHS. (Pet., ECF No. 1.) Petitioner also filed an Application for a Temporary Restraining Order and Order to Show Cause ("TRO"), seeking an order requiring, among other things, Respondents to release him from detention or provide him with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). (TRO 1, Dkt. No. 2.)

To obtain a TRO without notice to the opposing party, a party must meet certain requirements above and beyond those for a noticed TRO. "Where notice could have been given to the adverse party," there exists only "a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)). Thus, a party applying for ex parte relief must make "reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application" and "advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." C.D. Cal. L.R. 7-19.1. This notice requirement may be waived only "[i]f the judge to whom the application is made finds that the interest of justice requires that the ex parte application be heard without notice." C.D. Cal. L.R. 7-19.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-03098-ODW (DFMx) | Date | November 21, 2025 |
|---|---|---|---|
| Title | *Francisco Longoria v. Kristi Noem et al.* | | |

Moreover, when a party requests a temporary restraining order, notice to the opposing party is *required* unless "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" *and* "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). This Court's Rules also provide that "[a]pplications that fail to conform to Local Rule 7-19 and 7-19.1, including a statement of opposing counsel's position, will not be considered except on a specific showing of good cause." *See* Hon. Otis D. Wright, II Standing Order § VII.C., https://www.cacd.uscourts.gov/honorable-otis-d-wright-ii.

These restrictions are "stringent," and the "circumstances justifying the issuance of an ex parte order are extremely limited." *Reno Air Racing*, 452 F.3d at 1131 (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)).

The record does not reflect that Petitioner has provided notice of the Petition or TRO to Respondents. Petitioner's counsel indicates they spoke with Respondent's counsel by telephone and "will provide a copy of the" TRO and Petition to Respondent's counsel after they are filed. However, Petitioner has filed no proof of notice or service and, although Respondents' counsel indicated via telephone that Respondents would oppose, to date the Court has not received an opposition.

Accordingly, the Court **ORDERS** Petitioner via counsel to file a declaration, **by no later than November 24, 2025**, providing proof that Petitioner has given notice to Respondents of the Petition and TRO or, alternatively, describing why notice is not required under the above authorities. Failure to timely or adequately comply with this order will result in the Court denying Petitioner's TRO without prejudice.

**IT IS SO ORDERED.**

: 00

Initials of Preparer    SE