UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | 5:25-cv-03098-ODW (DFMx) | Date | December 3, 2025 |
|---|---|---|---|
| Title | *Francisco Longoria v. Kristi Noem et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:**           **In Chambers**

     On November 18, 2025, Petitioner Francisco Longoria filed a petition for a writ of habeas corpus ("Petition") against Respondents Kristi Noem, Secretary of the Department of Homeland Security ("DHS"), Pamela Bondi, U.S. Attorney General, Todd Lyons, Acting Director of Immigration and Customs Enforcement ("ICE"), Ernesto Santacruz Jr., Acting Director, ICE L.A. Field Office, Fereti Semaia, Warden, Adelanto ICE Processing Center, Executive Office for Immigration Review ("EOIR"), ICE, and DHS. (Pet. ¶ 17–25, Dkt. No. 1.) Petitioner raises causes of action for (1) unlawful denial of bond hearing, (2) violation of the Administrative Procedure Act, (3) violations of DHS and EOIR bond regulations, and (4) violation of the Due Process Clause. (*Id.* ¶¶ 53–66.) That same day, Petitioner filed an Ex Parte Application for Temporary Restraining Order ("TRO") requesting, among other things, his immediate release or the provision of a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). Respondents did not oppose Petitioner's TRO.

     On November 25, 2025, the Court granted Petitioner's unopposed TRO. (Order Granting TRO, Dkt. No. 7.) The Court ordered Respondents to release Petitioner from their custody or provide him with an individualized bond hearing within seven days. (*Id.* at 6.) The Court also ordered Respondents to Show Cause, in writing only, as to why the Court should not issue a preliminary injunction in this case. (*Id.*) The Court set a hearing on the preliminary injunction for December 10, 2025, at 9:00 a.m. (*Id.*)

     On December 2, 2025, Respondents filed a Response to the Court's Order to Show Cause Re: Preliminary Injunction. (Resp. OSC, Dkt. No. 9.) In their response, Respondents state that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-03098-ODW (DFMx) | Date | December 3, 2025 |
|---|---|---|---|
| Title | *Francisco Longoria v. Kristi Noem et al.* | | |

"Petitioner received a bond hearing on December 2, 2025," and that the immigration judge "granted Petitioner release on bond." (*Id.* at 1.) Respondents assert that "[p]roviding the Petitioner with the 1226(a) bond hearing, or otherwise releasing [him] from detention, moots the requested preliminary injunction and this habeas petition more generally." (*Id.*)

"A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987); *see also NASD Disp. Resol., Inc. v. Jud. Council*, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding the appeal to be moot when the plaintiffs were already granted the relief that they sought). Here, Petitioner has obtained the emergency injunctive relief he sought, and therefore his request for a preliminary injunction has been rendered moot.

Accordingly, the Court **DENIES AS MOOT** Petitioner's request for preliminary injunction and **VACATES** the December 10, 2025, preliminary injunction hearing in this case.

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | SE | |