UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 5:25-cv-03098-ODW-DFM | Date: | December 9, 2025 |
|---|---|---|---|
| Title | Francisco Longoria v. Kristi Noem et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Petitioner(s): | Attorney(s) for Respondent(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

    On November 18, 2025, Petitioner Francisco Longoria filed a counseled Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241 on the grounds that his detention violates 8 U.S.C. § 1226(a), Department of Homeland Security and Executive Office for Immigration Review bond regulations, the Administrative Procedure Act, and his Fifth Amendment Due Process rights. See Dkt. 1 ("Pet.") at ¶¶ 53-66. Petitioner requests that the Court "[i]ssue a Writ of Habeas Corpus requiring Respondents to release Petitioner or provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days." Id. at 21.

    On November 18, 2025, Petitioner filed an Ex Parte Application for Temporary Restraining Order ('TRO") requesting, among other things, his release from custody or an individualized bond hearing before an immigration judge. See Dkt. 2. On November 25, 2025, District Judge Otis D. Wright, II granted the TRO and ordered Respondents to release Petitioner or, in the alternative, provide him with an individualized bond redetermination hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days. See Dkt. 7. The Court also ordered Respondents to show cause ("OSC") in writing why a preliminary injunction should not issue. See id.

    Respondents responded to the Court's OSC, notifying the Court that a bond hearing was held for Petitioner and his release on bond had been granted. See Dkt. 9. On December 3, 2025, the Court denied as moot Petitioner's request for a preliminary injunction and vacated the preliminary injunction hearing. See Dkt. 10.

    Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. See Deakins v. Monaghan, 484 U.S. 193, 199 (1988) (citations omitted). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

redressed by success on the petition." <u>Abdala v. I.N.S.</u>, 488 F.3d 1061, 1064 (9th Cir. 2007) (citation omitted).

    Here, because the Petition seeks release from detention, or in the alternative, a bond hearing, the claims may now be fully resolved. <u>See id.</u> at 1065; <u>see also</u> <u>Megwa v. United States Immigr. and Customs Enforcement Field Off. Dir.</u>, No. 23-01881, 2024 WL 1722825, at *1 (W.D. Wash. Apr. 1, 2024) (finding petition moot where immigration detainee sought release from detention or a bond hearing and was subsequently released from custody on bond).

    Accordingly, **Petitioner is ORDERED TO SHOW CAUSE within seven (7) days of the date of this Order why the Petition should not be dismissed as moot.** If Petitioner claims that the case is not moot, he must make clear what relief he seeks that has not already been provided. In lieu of a written response, the Court will construe the filing of a notice of voluntary dismissal as sufficient to discharge this Order.